NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 14-3668

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 18, 2015
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| KENNETH CALHOUN, | ) |
|     Petitioner, | ) ) ) |
| v. | ) )  ON PETITION FOR REVIEW OF A |
| STURGEON MINING COMPANY, INC., et al., | ) DECISION AND ORDER OF THE ) BENEFITS REVIEW BOARD |
|     Respondents. | ) ) ) |

O R D E R

Before: SILER and ROGERS, Circuit Judges; GRAHAM, District Judge.[*]

Kenneth Calhoun, proceeding pro se, petitions for review of a decision and order of the Benefits Review Board ("Board") denying reconsideration of its order affirming a decision by an Administrative Law Judge ("ALJ") to deny benefits under the Black Lung Benefits Act ("Act"). 30 U.S.C. §§ 901-44, as amended by the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, § 1556 (2010). This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Calhoun filed his first application for benefits in January 2001. On November 1, 2001, the Department of Labor ("DOL") denied his claim because the evidence did not establish that he had pneumoconiosis or that he was totally disabled due to any pulmonary or respiratory disease. Calhoun did not appeal that decision and it became final. Eight years later, on January 21, 2009, Calhoun filed another application for benefits, and the DOL denied the subsequent

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

claim as well. After a hearing, the ALJ denied benefits, finding that Calhoun had not established any element of entitlement to benefits that had previously been decided against him in 2001, as required under 20 C.F.R. § 725.309(d). Calhoun appealed, and the Board upheld the ALJ's decision as supported by substantial evidence. Calhoun now asks this court to consider his work in the coal fields for "over 30 years," and argues that the ALJ failed to consider medical reports by Drs. Mettu, Anderson, and Meyers. Calhoun also moves this court to proceed in forma pauperis ("IFP") on appeal.

We review legal conclusions by the Board de novo, but review an ALJ's decision to determine whether it is supported by substantial evidence. *Morrison v. Tenn. Consol. Coal Co.*, 644 F.3d 473, 477 (6th Cir. 2011). When the Board affirms an ALJ's decision, we do not consider whether the Board's decision was supported by substantial evidence, "but whether the [Board] correctly concluded that substantial evidence supported the ALJ's decision." *Eastover Mining Co. v. Williams*, 338 F.3d 501, 508 n.9 (6th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morrison*, 644 F.3d at 478 (internal quotation marks omitted). When the challenge relates to the weighing of conflicting medical evidence, our scope of review is "exceedingly narrow." *Peabody Coal Co. v. Odom*, 342 F.3d 486, 489 (6th Cir. 2003).

"In order to establish entitlement to benefits, a [miner] must prove that: (1) he suffers from pneumoconiosis; (2) the pneumoconiosis arose out of coal mine employment; and (3) the pneumoconiosis is totally disabling." *Jericol Mining, Inc. v. Napier*, 301 F.3d 703, 708 (6th Cir. 2002) (quoting *Peabody Coal Co. v. Hill*, 123 F.3d 412, 415-16 (6th Cir. 1997)); *see* 20 C.F.R. §§ 718.202-204 (2000). A claimant bears the burden of establishing entitlement to black lung benefits by a preponderance of the evidence. *Mullins Coal Co. v. Dir., OWCP*, 484 U.S. 135, 158 (1987); *Adams v. Dir., OWCP*, 886 F.2d 818, 820 (6th Cir. 1989).

Because pneumoconiosis is considered a "latent and progressive" disease, a miner may file a subsequent claim even after a final order denying benefits. 20 C.F.R. § 725.309; *Buck Creek Coal Co. v. Sexton*, 706 F.3d 756, 758 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 898 (2014). For a successful subsequent claim, a miner must prove that one of the applicable conditions of

entitlement "has changed since the date upon which the order denying the prior claim became final." *Id*. Calhoun's most recent application for benefits was filed more than one year following the final denial of his prior claim, so the ALJ properly reviewed it under § 725.309.

In reviewing a subsequent claim, the ALJ must consider all of the new medical evidence generated after the previous denial, but need not compare all of the new evidence with all of the old evidence. *Buck Creek*, 706 F.3d at 759. Rather, the ALJ must consider only whether the new evidence establishes that one of the required elements for benefits previously found lacking is now present. *Id*. Moreover, the applicable conditions of entitlement are limited to those conditions "upon which the prior denial was based." 20 C.F.R. § 725.309(c)(3). In Calhoun's case, two essential elements for entitlement were previously adjudicated against him so that the ALJ properly considered the new evidence surrounding those elements.

The first element is the existence of pneumoconiosis. There are four methods of establishing that a miner has pneumoconiosis under 20 C.F.R. § 718.202(a): (1) x-ray evidence; (2) biopsy or autopsy evidence; (3) statutory presumption; and (4) physician's diagnosis. For purposes of the Act, pneumoconiosis includes both "clinical" pneumoconiosis and "legal" pneumoconiosis. *See* 20 C.F.R. § 718.201(a). Clinical pneumoconiosis is defined as the diseases "recognized by the medical community as pneumoconiosis, i.e., the conditions characterized by permanent deposition of substantial amounts of particulate matter in the lungs and the fibrotic reaction of the lung tissue to that deposition caused by dust exposure in coal mine employment." 20 C.F.R. § 718.201(a)(1). Legal pneumoconiosis includes "any chronic lung disease or impairment and its sequelae arising out of coal mine employment." 20 C.F.R. § 718.201(a)(2).

Calhoun does not dispute the ALJ's findings that he failed to establish clinical pneumoconiosis, based on the new x-rays, which were all read as negative. No biopsy or autopsy evidence was submitted, and none of the statutory presumptions applied. The new medical opinions consisted of examination reports, reviewing reports, and depositions by Drs. Bruce Broudy, R.V. Mettu, and Matthew Vuskovich. Drs. Broudy and Vuskovich determined that Calhoun did not suffer from legal pneumoconiosis.

Calhoun cites Dr. Mettu's diagnosis of legal pneumoconiosis after this doctor examined Calhoun on February 10, 2009. Dr. Mettu stated that "coal dust exposure significantly aggravated pulmonary impairment, giving legal pneumoconiosis." However, as the ALJ pointed out, Dr. Mettu failed to explain his diagnosis of legal pneumoconiosis, and how and why he attributed Calhoun's bronchitis to both smoking cigarettes over thirty pack-years and to coal dust exposure. Moreover, Dr. Mettu stated in a subsequent deposition that he found no pulmonary or respiratory abnormalities and his physical examination did not substantiate Calhoun's subjective complaints of shortness of breath. Therefore, we will not disturb the ALJ's determination that Dr. Mettu's unsupported diagnosis of legal pneumoconiosis was not entitled to full evidentiary weight. *See Greene v. King James Coal Mining, Inc.*, 575 F.3d 628, 635 (6th Cir. 2009); *see also Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1072 (6th Cir. 2013).

The ALJ discounted the opinions of Drs. Broudy and Vuskovich, but those opinions in any event were not favorable to Calhoun. Calhoun argues that Drs. Anderson and Meyers found black lung. However, there is no medical opinion by these doctors in the record. As a result, substantial evidence supports the ALJ's determination that the new medical opinion evidence does not support Calhoun's claim that he has developed clinical or legal pneumoconiosis since his first claim was denied.

The ALJ also found that Calhoun could not show that he was totally disabled, the other element previously resolved against Calhoun. Total disability may be proved in one of four ways: (1) qualifying pulmonary function tests; (2) qualifying arterial blood-gas tests; (3) cor pulmonale with right-sided congestive heart failure; or (4) a physician, exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that his respiratory condition prevents the miner from engaging in his usual employment or comparable employment. 20 C.F.R. § 718.204(b)(2); *Crockett Colleries, Inc. v. Barrett*, 478 F.3d 350, 356–57 (6th Cir. 2007).

Calhoun does not challenge the ALJ's finding that the more recent pulmonary function studies and blood gas studies submitted with Calhoun's subsequent application produced no qualifying values under Part 718 of the regulations. *See* 20 C.F.R. § 718.204(b)(2)(i) and (ii).

Therefore, these tests did not weigh in favor of finding total disability. Likewise, the ALJ found no evidence of cor pulmonale, *see* 20 C.F.R. § 718.204(b)(2)(iii), and this determination went unchallenged as well.

Drs. Broudy and Mettu believed that Calhoun could return to his last coal mine employment based on the non-qualifying tests and their examinations, and Dr. Vuskovich also concluded that Calhoun could perform coal mine work. These medical opinions were not conflicting, and do not support a finding that Calhoun was disabled under 20 C.F.R. § 718.204(b)(2).

Calhoun implies that the ALJ and the Board failed to consider his years in the coal mines. However, the earnings statement, Calhoun's written statement describing his work history, and Calhoun's testimony support the ALJ's finding that Calhoun worked 28.25 years in the mines between 1974 and 2008. Moreover, Calhoun does not explain how the ALJ erred or misapplied his coal mining history to his application for benefits. Because the decisions by the ALJ and the Board are supported by substantial evidence, we will not reverse the denial of Calhoun's subsequent claim. *See Peabody Coal*, 342 F.3d at 489.

Accordingly, the motion to proceed IFP is granted for the limited purposes of deciding this petition, and Calhoun's petition for review is denied.

                ENTERED BY ORDER OF THE COURT

                Deborah S. Hunt, Clerk